# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0016V

| | |
|---|---|
| SHILO BIRNIE, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: April 3, 2024 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, Washington, DC, for Petitioner.

*Ryan Pohlman Miller*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 5, 2023, Shilo Birnie filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a Tdap vaccination she received on June 7, 2021. Petition, ECF No. 1. On December 29, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,318.14 (representing $31,190.50 in fees, plus $1,127.64 in costs). Petitioner's Application for Fees and Costs filed Jan. 12, 2024, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 39-4.

Respondent reacted to the Fees Motion on Jan. 16, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion at 2-3, ECF No. 40. Petitioner filed a reply on Jan. 16, 2024, reiterating her request for fees and costs as indicated in the Motion. ECF No. 41.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by Attorney Catherine Costigan, and all other attorneys and paralegals that performed work in this matter, for time billed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted herein. But the requested hourly rate of $410 for 2024 work performed by Ms. Costigan requires adjustment.

Ms. Costigan was previously awarded a rate of $345 per hour for work performed in 2022, and $370 per hour for work performed in 2023, representing an increase of $25 for each successive year. See *Jefferies* v. *Sec'y of Health & Hum. Servs.,* No. 21-0676, Slip Op, 53 (Fed. Cl. Spec. Mstr. Sept. 18, 2023). Accordingly, there is a discrepancy in terms of gradual increase between those rates and what is requested for subsequent years (which if permitted would be a larger increase of $40).

In the Vaccine Program, an attorney's previously established rate is considered when determining and approving subsequent hourly rates. Relying on the rate of increase used for prior years ($25 for each successive year) would result in a rate of $395 per hour for 2024. Thus, in order to maintain a fair consistency, while also permitting a rate increase, I shall award Ms. Costigan the lesser rate of $395 per hour, for work performed in 2024. **Application of this rate results in a reduction in the amount of fees to be awarded herein of $15.00.**[3]

## ATTORNEY COSTS

Petitioner requests $1,127.64 in costs. This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs. ECF No. 39-3. Respondent offered no specific objection to the rates or amounts sought.

---

[3] This amount is calculated as: ($410 - $395 = $15 x 1.00 hrs.) = $15.00

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$32,303.14 (representing $31,175.50 in fees plus $1,127.64 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher and Toale Law, 1605 Main Street, Suite 710, Sarasota, Florida 34236.** In the absence of a timely-filed Motion for Review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.